JAMES C. SANCHEZ, City Attorney
CITY OF FRESNO
By: Gregory L. Myers, Senior Deputy (#95743)
2600 Fresno Street
Fresno, California 93721-3602
Telephone: (559) 621-7500
Facsimile: (559) 488-1084

Attorneys for Defendant CITY OF FRESNO

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MAHER, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF FRESNO, and DOES 1 through 10, inclusive, <br> Defendants. | Case No.: 08-CV-00050-OWW-SMS <br><br> **ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW defendants CITY OF FRESNO (hereinafter referred to as the "CITY" or "Defendants") and answers the unverified Complaint for Damages filed by Plaintiff MICHELLE MAHER (hereinafter referred to as "Plaintiff) as follows:

### JURISDICTION AND VENUE

Defendant the CITY, a municipal corporation, is located within the County of Fresno, State of California, and within the geographical jurisdiction of the United States District Court for the Eastern District of California.

This action is a civil action over which the United States District Court for the Eastern District of California has original jurisdiction under 42 U.S.C. §1983 and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it

1

MAHER v. COF, et al.
Case No.: 08-CV-00050-OWW-SMS
Answer to Complaint and Demand for Jury Trial

arises under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. Pursuant to the provisions of 28 U.S.C. § 1367(a), this Court has jurisdiction over the remaining causes of action alleged in the Complaint under the doctrine of supplemental jurisdiction.

## DEMAND FOR JURY TRIAL

Defendant CITY hereby demands a jury trial in this matter.

## ANSWER TO COMPLAINT

Paragraph 1:   This answering defendant the CITY admits the allegations contained in the complaint.

Paragraph 2:   This answering defendant the CITY denies the allegations contained in the complaint.

Paragraph 3:   This answering Defendant the CITY admits the allegations contained in the complaint.

Paragraph 4:   This answering defendant the CITY admits the allegations contained in the complaint.

Paragraph 5:   To the extent that the "events or omissions" are the allegations contained within the plaintiff's complaint those allegations are denied. To the extent that venue is based upon those allegations, this paragraph is admitted.

Paragraph 6:   This answering defendant the CITY admits the allegations contained in the complaint.

Paragraph 7:   This paragraph is denied in so far as it alleges that the Fresno Fire Department is a public entity but it is admitted in so far as it alleges that the Fresno Fire Department is a "part" of the CITY and that the CITY is an employer within the meaning of Government Code § 12926(d).

Paragraph 8:   This answering defendant has insufficient information upon which to admit or deny the allegations contained within this paragraph and therefore denies each and every one.

Paragraph 9:   This answering defendant has insufficient information upon which to admit or deny the allegations contained within this paragraph and therefore denies each and

MAHER v. COF, et al.
Case No.: 08-CV-00050-OWW-SMS
Answer to Complaint and Demand for Jury Trial

every one.

Paragraph 10: This answering defendant has insufficient information upon which to admit or deny the allegations contained within this paragraph and therefore denies each and every one.

Paragraph 11: This answering defendant has insufficient information upon which to admit or deny the allegations contained within this paragraph and therefore denies each and every one.

Paragraph 12: This answering defendant the CITY admits the allegations contained in the Complaint.

Paragraph 13: This answering defendant the City has insufficient information upon which to admit or deny the allegations contained within this paragraph and therefore denies each and every one.

Paragraph 14: This answering defendant the CITY denies the allegations contained in the complaint.

Paragraph 15: This answering defendant the CITY denies the allegations contained in the complaint.

Paragraph 16: To the extent that the allegation is vague regarding the term "running the Fire Academy," it is denied; however, it is admitted that the four men named were involved in the operation of the Fire Academy during the class of which plaintiff was a part.

Paragraph 17: This answering defendant the CITY admits the allegations contained in the Complaint.

Paragraph 18: This answering defendant the CITY denies the allegations contained in the complaint.

Paragraph 19: To the extent that this paragraph alleges that plaintiff demonstrated a commitment to become an excellent firefighter and that she only missed "a few hours of the entire program" and that she was "one of the first to arrive.." the allegations are denied; to the extent that the allegations reference her hiring of a nanny, this defendant has insufficient information upon which to admit or deny the allegations contained within this paragraph and

3

MAHER v. COF, et al.
Case No.: 08-CV-00050-OWW-SMS
Answer to Complaint and Demand for Jury Trial

1 | therefore denies each and every one.

2 |     Paragraph 20: This answering defendant the CITY denies the allegations contained in the
3 | complaint.

4 |     Paragraph 21: This answering defendant the CITY denies the allegations contained in the
5 | complaint.

6 |     Paragraph 22: This answering defendant the CITY denies the allegations contained in the
7 | complaint.

8 |     Paragraph 23: To the extent that the plaintiff alleges in this paragraph that any actions taken by members of the Fresno Fire Department constituted disparate treatment those allegations are denied generally and specifically; however to the extent that the allegations declare that she received constructive criticism regarding her confidence, had a need for continual instruction, that she displayed aggressive behavior around peers, that she had difficulty handling her SCBA, that she was uneasy during a C-spine precautionary scenario those allegations are admitted; to the extent that the paragraph alleges that plaintiff was "set up to fail" those allegations are denied.

16 |     Paragraph 24: This answering defendant the CITY denies the allegations contained in the
17 | complaint.

18 |     Paragraph 25: This paragraph is vague and ambiguous to the extent that it alleges that the
19 | plaintiff was treated in a manner that was discriminatory, the allegations are denied.

20 |     Paragraph 26: This answering defendant has insufficient information upon which to admit or deny the allegations contained within this paragraph and therefore denies each and every one.

23 |     Paragraph 27: This answering defendant has insufficient information upon which to admit or deny the allegations contained within this paragraph and therefore denies each and every one.

26 |     Paragraph 28: This answering defendant the CITY denies the allegations contained in the
27 | complaint.

28 |

4

MAHER v. COF, et al.
Case No.: 08-CV-00050-OWW-SMS
Answer to Complaint and Demand for Jury Trial

1    Paragraph 29: To the extent that plaintiff incorporates and references her previous allegations, this defendant incorporates and references its response to same.

Paragraph 30: This answering defendant the CITY denies the allegations contained in the complaint.

Paragraph 31: This answering defendant the CITY admits the allegations contained in the Complaint.

Paragraph 32: To the extent that plaintiff incorporates and references her previous allegations, this defendant incorporates and references its response to same.

Paragraph 33: This answering defendant the CITY denies the allegations contained in the complaint.

Paragraph 34: This answering defendant the CITY admits the allegations contained in the Complaint.

Paragraph 35: To the extent that plaintiff incorporates and references her previous allegations, this defendant incorporates and references its response to same.

Paragraph 36: This answering defendant the CITY denies the allegations contained in the complaint.

Paragraph 37: This answering defendant the CITY denies the allegations contained in the complaint.

Paragraph 38: To the extent that plaintiff incorporates and references her previous allegations, this defendant incorporates and references its response to same.

Paragraph 39: This answering defendant the CITY denies the allegations contained in the complaint.

Paragraph 40: This answering defendant the CITY denies the allegations contained in the complaint.

///
///
///
///

MAHER v. COF, et al.
Case No.: 08-CV-00050-OWW-SMS
Answer to Complaint and Demand for Jury Trial

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

That the allegations contained within the complaint do not state a cause of action against defendant.

### SECOND AFFIRMATIVE DEFENSE

The complaint is barred against the CITY pursuant to Government Code '815 to the effect that CITY is not liable for any injury except as provided by statute and that the CITY is entitled to the defense of any applicable immunities.

### THIRD AFFIRMATIVE DEFENSE

That the acts of the CITY were reasonable within the meaning of Government Code §835.4 and the defendant is therefore immune from liability.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

In the event that any damages were suffered by plaintiff which is expressly denied, plaintiff and each of its successors-in-interest and predecessors-in-interest have failed to take reasonable and necessary steps in order to mitigate, lessen, and minimize the damages and losses incurred and that such failure is the direct and proximate cause of any and all damages incurred by plaintiff, if any there are, and, therefore the CITY is not liable to plaintiff at all, and at a minimum, plaintiff is barred from relief to the extent of its failure to mitigate.

### SIXTH AFFIRMATIVE DEFENSE

The CITY is entitled to all reasonable and necessary defense costs normally awarded to the prevailing party, in that plaintiff brought this proceeding without reasonable cause and without the good faith belief that there was a justifiable controversy under the facts and law

MAHER v. COF, et al.
Case No.: 08-CV-00050-OWW-SMS
Answer to Complaint and Demand for Jury Trial

which warranted the filing of this Complaint under the California Tort Claims Act.

Plaintiff failed to comply with the California Tort Claims Act claim filing requirements, failed to timely file a legally sufficient claim within the time allowed by law and, therefore, the court lacks jurisdiction of this matter and plaintiff's complaint is time barred as a matter of law and therefore, fails to state a cause of action against the CITY.

### SEVENTH AFFIRMATIVE DEFENSE

The CITY is entitled, under Government Code section 984 et seq., to a reduction of a judgment entered against it, if any, for collateral source payments paid or obligated to be paid for services or benefits that were provided to Plaintiff prior to the commencement of trial.

### EIGHTH AFFIRMATIVE DEFENSE

That at all times the CITY and its employees acted in good faith.

### PRAYER FOR RELIEF

WHEREFORE, this answering defendant prays as is set forth below:

1. That plaintiff take nothing by reason of his complaint on file herein;
2. For costs of suit incurred herein; and
3. For such other and further relief as the court may deem just.

DATED: January 15, 2008					Respectfully submitted,

									JAMES C. SANCHEZ
									City Attorney


									By: _____
									GREGORY L. MYERS
									Senior Deputy City Attorney

									Attorneys for Defendant
									CITY OF FRESNO

GLM:elb [43691elb/glm]

7

MAHER v. COF, et al.
Case No.: 08-CV-00050-OWW-SMS
Answer to Complaint and Demand for Jury Trial

**PROOF OF SERVICE**
CCP §§ 1011, 1013, 1013a, 2015.5
FRCP 5(b)

STATE OF CALIFORNIA, COUNTY OF FRESNO

I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action; my business address is 2600 Fresno Street, Fresno, CA 93721-3602.

On **January 15_, 2008**, I served the document described as **ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** on the interested parties in this action ☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list: ■ by placing ☐ the original ■ a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Dan Siegel, Esq. | Debra A. Smith, Esq. |
| Jessica Albert, Esq. | Noreen Farrell, Esq. |
| Siegel & Yee | Angela Perone, Esq. |
| 499 14th Street, Suite 220 | Equal Rights Advocates |
| Oakland, CA 94612 | 1663 Mission Street, Suite 250 |
| Telephone: (510) 839-1200 | San Francisco, CA 94103 |
| FAX: (510) 444-6698 | Telephone: (415) 621-0672 |
| | FAX: (415) 621-6744 |

■ BY MAIL   ☐ I deposited such envelope in the mail at Fresno, California. The envelope was mailed with postage thereon fully prepaid.

■ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Fresno, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

■ (BY E-FILING) The above noted individuals are registered with the Court to receive notice of electronic filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

☐ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

■ (Federal)   I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I am employed in the office of a member of the bar of this Court at whose discretion the service was made.

Executed on **January 15, 2008,** at Fresno, California

*Emma L. Baker*
Emma Baker