| | |
|---|---|
| DAN SIEGEL, SBN 56400 | JAMES C. SANCHEZ, City Attorney |
| JESSICA ALBERT, SBN 249770 | CITY OF FRESNO |
| SIEGEL & YEE | By: Gregory L. Myers, Senior Deputy (#95743) |
| 499 14th Street, Suite 220 | 2600 Fresno Street |
| Oakland, California 94612 | Fresno, California 93721-3602 |
| Telephone: (510) 839-1200 | Telephone: (559) 621-7500 |
| Facsimile: (510) 444-6698 | Facsimile: (559) 488-1084 |

*Attorneys for Plaintiff MICHELLE MAHER*     *Attorneys for Defendant CITY OF FRESNO*

LISA J. LEEBOVE, SBN 186705
ANGELA PERONE, SBN 245793
EQUAL RIGHTS ADVOCATES
1663 Mission Street, Suite 250
San Francisco, CA 94103
Telephone: (415) 621-0672
Facsimile: (415) 621-6744

*Attorneys for Plaintiff MICHELLE MAHER*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MAHER,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF FRESNO, and DOES 1 through 10, inclusive,<br><br>        Defendant. | Case No.: 1:08-CV-00050-OWW-SMS<br><br>**AGREED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION AND THE INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL;**<br><br>**ORDER** |

WHEREAS, the undersigned Parties have agreed to, and the Court approves, the following terms governing confidential information and the inadvertent disclosure of privileged material, IT IS HEREBY ORDERED THAT:

1. A party may designate as "CONFIDENTIAL" any documents, discovery responses, electronic data, deposition transcripts, exhibits or other materials produced or generated in this matter that it reasonably believes should be subject to the terms of this Order. Material that may be designated as CONFIDENTIAL consists only of documents and information

that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c).

2. Parties will exercise restraint and care in designating materials for protection.

(a) Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only those specific parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

(b) Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties) are prohibited.

3. Designations in conformity with this Order may be made as follows:

(a) for any material that qualifies for protection under this Order, by clearly designating it as such before the material is disclosed or produced, except as otherwise provided in this Order or as otherwise stipulated or ordered;

(b) for information in documentary form (other than depositions or other transcripts), by stamping or labeling as CONFIDENTIAL the top of each page that contains protected material. If either party believes that this labeling method is burdensome, the parties will meet and confer and agree upon an alternative means of designating protected material;

(c) for testimony given in deposition or other proceeding, by identifying on the record, before the close of the proceeding, all testimony that is considered CONFIDENTIAL. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 45 days to identify and notify the parties of the specific portions of the testimony as to which protection is sought.

PDF created with pdfFactory trial version www.pdffactory.com

Only those portions of the testimony that are appropriately designated for protection within the 45 days shall be covered by the provisions of this Order; and

(d) for information or items produced in some form other than documentary, by stamping or labeling the exterior of the container(s) in which the information or item is stored CONFIDENTIAL.

4. Documents and information designated CONFIDENTIAL in accordance with this Order shall be used solely for the purpose of preparation, settlement, trial, and/or appeal of this action, and, unless the Court rules otherwise, such documents or information shall not be disclosed to any person other than (a) counsel of record to any party to this Order; (b) the legal, clerical, paralegal, or other staff of such counsel to this action employed during the preparation for and settlement, trial and appeal of this action; (c) Plaintiff Michelle Maher; (d) the officers, agents and employees of Defendant whom Defendant believes in good faith have a need to review such documents or information; (e) persons retained by either party to this Order to furnish expert services or advice or to give expert testimony in this action (and their employees); (f) deponents, trial witnesses and court reporters in this action; (g) the Court, Court personnel and jurors; and (h) the author of the document or information. CONFIDENTIAL documents or information disclosed to any such person shall not be disclosed by him/her to any other person not included within the foregoing subparagraphs (a) through (h) of this paragraph.

5. Notwithstanding any other provision in this agreement, a receiving party may disclose to any individual the personnel file and payroll information that pertains to any such individual, regardless of whether the information is designated as protected.

6. Any person who is to obtain access to material subject to this Order pursuant to paragraph 4(a), 4(b), and 4(e) shall prior to receipt of such material (a) be informed by the party providing access to such material of the terms of this Order; (b) agree in writing to be bound by the terms of this Order by executing the attached Agreement; and (c) submit to the authority of this Court for enforcement of this Order.

7. If counsel for a party herein shall hereafter desire to make material subject to this Order available to the author of protected material who is not entitled to disclosure pursuant to

any person other than those referred to in paragraphs 4 and 5 above, such counsel shall designate the material involved, identify the person to whom he/she wishes to make disclosure, and inform counsel for the opposing party of their desire. If the parties are subsequently unable to agree on the terms and conditions of disclosure to persons not enumerated in paragraphs 4 and 5, disclosure may be made only on such terms as the Court may order.

8.     If a party objects to the designation of any document or information as CONFIDENTIAL, counsel for the objecting party shall notify all counsel of record of the objection. The parties shall meet and confer regarding this dispute. If the parties' dispute regarding the objection cannot be resolved by agreement, counsel seeking the designation of that document or information as confidential may do so by filing a motion with this Court. The burden of persuasion in any such challenge proceeding shall be on the designating party. If the party seeking the designation does not file a motion within 45 days of the conclusion of the meet and confer process, the document or information will be treated as non-confidential. Counsel seeking to challenge the designation shall have the opportunity to oppose the designating party's motion. The documents or information in question shall remain under the protection of this Order pending ruling on the motion.

9.     Without written permission from the party with an interest in protecting material subject to this Order, or a court order secured after appropriate notice to all interested persons, a party may not file in the public record (except under seal) any material subject to this Order.

10.    The provisions of this Order shall not terminate at the conclusion of this action. Within sixty days after final termination of this action, including any appeals, the parties shall destroy or return to counsel for a party that produced materials subject to this Order originals and all copies of such materials. At such time, each party must certify that the terms of this paragraph have been complied with. Notwithstanding the provisions of this paragraph, counsel are entitled to retain any work product, even if it contains material subject to this Order. Any such retained materials shall remain subject to the terms of this Order.

11.    Any material subject to this Order, and which is otherwise admissible, may be used at trial, provided, however, that the parties agree that they will work with the Court to

PDF created with pdfFactory trial version www.pdffactory.com

identify trial procedures that will protect and maintain the non-public nature of highly sensitive information. Prior to the use at trial of material subject to this Order, all stamps, labels or other designations placed on the material pursuant to this Order shall be removed.

12. Nothing contained in this Order, nor any action taken in compliance with it, shall (a) operate as an admission or assertion by any witness or person or entity that any particular document or information is, or is not, confidential or (b) prejudice in any way the right of any party to seek a Court determination of whether it should remain confidential and subject to the terms of this Order. Any party to this Order may request the Court to grant relief from any provision of this Order.

13. Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection, or any other privilege.

14. It is recognized by the parties to this Order that, due to the exigencies of providing numerous documents and the taking of testimony, certain documents, information or testimony may be designated erroneously as confidential, or documents, information or testimony that are entitled to confidential treatment may erroneously not be designated as confidential. The parties to this Order must promptly notify other parties of any mistakes in confidentiality designations. If done so in a timely manner, parties may also correct any inadvertent failure to designate protected material as such by appropriately designating the material and promptly notifying other parties. In either case, the designating party shall, at its own expense, furnish to all counsel appropriately labeled copies of the documents or other materials for which there is a change in designation.

15. Nothing in this Order shall prevent any party from using or disclosing its own documents or information, regardless of whether they are designated CONFIDENTIAL.

16. The inadvertent or unintentional disclosure by any party of documents or information protected from discovery as an attorney-client communication, work product or otherwise protected under Federal Rule of Civil Procedure 26 (the "Privileged Material"), regardless of whether the information was designated as CONFIDENTIAL at the time of disclosure, shall not be deemed a waiver in whole or in part of that disclosing party's claim of

PDF created with pdfFactory trial version www.pdffactory.com

privilege, either as to the specific documents or information disclosed or as to any other documents or information relating thereto or on the same or related subject matter. The recipient of such Privileged Material shall (i) return it, without retaining any copy of it, upon recognizing its status, or within three (3) days from a demand (the "Demand") by the disclosing party, whichever occurs first; (ii) destroy all summaries, notes, memoranda or other documents (or the portions thereof) referring to such Privileged Material; and (iii) not use such documents containing Privileged Material for any purpose until further order of the Court. If the receiving party disputes the disclosing party's Demand, the matter shall be presented by the disclosing party to the Court for resolution. Further, if the recipient has already shared such Privileged Material prior to recognizing its protected status or prior to a Demand for its return, that recipient shall promptly notify the other affected persons, and collect and return all copies.

IT IS SO ORDERED:
DATED:  7/22/2008

  /s/ Sandra M. Snyder
SANDRA M. SNYDER
United States Magistrate Judge

AGREED TO BY:

Dated:     6/6     , 2008        Siegel & Yee LLP

By:   /s/  Jessica Albert

AGREED PROTECTIVE ORDER

- 6 -

07-CV-1977-LAB-CAB

PDF created with pdfFactory trial version www.pdffactory.com

Dated: ___6/18_____, 2008          Equal Rights Advocates

                                    By: ___/s/ Lisa J. Leebove_____

Dated: ___June 6th___, 2008         City of Fresno

                                    By: ___/s/ Gregory L. Myers_____

AGREED PROTECTIVE ORDER                                    07-CV-1977-LAB-CAB

- 7 -

PDF created with pdfFactory trial version www.pdffactory.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA ALLISON, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, and DOES 1 through 50, inclusive,<br><br>       Defendant. | Case No. 07-CV-1977 LAB CAB<br><br>**AGREEMENT TO BE BOUND BY AGREED PROTECTIVE ORDER** |

    I, _____, the undersigned, hereby acknowledge that I have received a copy of the Agreed Protective Order entered in this action, and that I have read the Order and agree to be bound by all of the provisions in it.  I recognize that during my participation in this case, I may have occasion to read or hear matters that are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  I agree not to disclose any such matter to any person not entitled to receive disclosure of same under the provisions of the Order and to use any such matter solely in connection with my participation in this case.  I also agree to return any materials protected by the Order to counsel for the party that supplied me with such materials as soon as my participation in the case is concluded.

    Dated: _____                     _____

                                                                                Print Name

                                                                                 _____

                                                                                 Print Address

SFI-577101v1

PDF created with pdfFactory trial version www.pdffactory.com