UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MICHELLE MAHER,<br><br>                Plaintiff,<br><br>     v.<br><br>CITY OF FRESNO,<br><br>                Defendant. | 08-CV-00050-OWW-SMS<br><br>MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION |
|---|---|

## I. INTRODUCTION

Before the court is a motion for summary adjudication filed by Plaintiff Michelle Maher ("Plaintiff"). Plaintiff seeks summary adjudication on the issue of whether the City of Fresno Fire Department Fire Academy is an "education program or activity receiving Federal financial assistance" for purposes of Title IX. Defendant City of Fresno ("Defendant") does not oppose the motion. The following background facts are taken from the parties' submissions in connection with the motion and other documents on file in this case.[1]

---

[1] "A district court does not, of course, make 'findings of fact' in ruling on a summary judgment motion. Findings of fact are made on the basis of evidentiary hearings and usually involve credibility determinations." *Rand v. Rowland*, 154 F.3d 952, 957 n.4 (9th Cir. 1998); *see also Scott v. Harris*, 550 U.S. 372, 378 (2007) ("As this case was decided on summary judgment, there have not yet been factual findings by a judge or jury . . . ."); *Cottrell v. Caldwell*, 85 F.3d 1480, 1486 (11th Cir. 1996).

1

## II. BACKGROUND

The City of Fresno Fire Department is a subdivision of Defendant City of Fresno, a public entity. (Doc. 15 at 7.)[2] Plaintiff applied for employment as a firefighter recruit to the City of Fresno Fire Department in 2005. (*Id.*)  Plaintiff was accepted into the City of Fresno Fire Department Fire Academy and, on October 10, 2005, became a conditional employee of the City of Fresno working as a firefighter recruit. (*Id.*; Doc. 69 at 1-2.) Plaintiff's ultimate employment was conditioned on her successful completion of the probationary period and testing at the conclusion of that probationary period.

On December 5, 2007, Plaintiff filed a state-court complaint in the Fresno County Superior Court. Plaintiff's complaint contains four claims: (1) discrimination under the California Government Code § 12940; (2) sexual harassment/hostile work environment under California Government Code § 12940; (3) discrimination under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a); and (4) discrimination in violation of public policy. On January 10, 2008, Defendant removed Plaintiff's state-court action to federal court, and Plaintiff has not since amended her complaint. In her Title IX claim, Plaintiff alleges Defendant forced her to resign from the City of Fresno Fire Department Fire Academy and refused to reinstate her based at least in part on the unlawful consideration of her gender, parental status, and primary care-giving status in violation of 20 U.S.C. § 1681.

---

[2] Document "Doc." 15 is the Scheduling Conference Order.

### III. SUMMARY ADJUDICATION STANDARD

A "party claiming relief," such as Plaintiff, may move "for summary judgment on all or *part* of the claim." Fed. R. Civ. P. 56(a) (emphasis added). "The standards and procedures for granting partial summary judgment, also known as summary adjudication, are the same as those for summary judgment." *Mora v. Chem-Tronics, Inc.*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

### IV. DISCUSSION AND ANALYSIS

Under Title IX, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under *any education program or activity receiving Federal financial assistance*." 20 U.S.C. 1681(a) (emphasis added). Plaintiff moves for summary adjudication on the issue of whether the City of Fresno Fire Department Fire Academy is an "education program or activity receiving Federal financial assistance" under Title IX.

Defendant filed a statement of non-opposition to Plaintiff's motion (Doc. 72). In its statement of non-opposition, Defendant states that it "will not oppose the Court's finding that the [Defendant] CITY OF FRESNO is an education institution within the meaning of Title IX, 20 U.S.C 1681 because the CITY OF FRESNO responded to Requests for Admissions to that [e]ffect." (Doc. 72 at

2.)³  Defendant submitted its own proposed order on Plaintiff's motion stating that "it shall be established in this litigation, that the City of Fresno Fire Department Fire Academy is 'an education program or activity receiving federal financial assistance' for purposes of Defendant's alleged" Title IX liability. (Doc. 73 at 1.)  In response to requests for admission which Plaintiff propounded, Defendant admitted that its Fire Department had received federal financial assistance and that the City of Fresno Fire Department Fire Academy is an education institution within the meaning of Title IX. (*See* Doc. 69, Ex. B at 13.)  Plaintiff submitted these discovery responses in connection with her motion for summary adjudication.

Based on the parties' submissions, it is undisputed, and there is no triable issue, that the City of Fresno Fire Department Fire Academy is an "education program or activity receiving Federal financial assistance" under Title IX for purposes of Defendant's alleged Title IX liability.

## V. CONCLUSION

Plaintiff's motion for summary adjudication is GRANTED on the part of her claim that the City of Fresno Fire Department Fire Academy is an "education program or activity receiving Federal

---

³ **In its statement of non-opposition, Defendant suggests that Plaintiff's statement of undisputed facts is "not allowed" under "Local Rule 56-2." This purported rule, "Local Rule 56-2," does not exist. The applicable local rule, Local Rule 56-260(a), specifically *requires* a party, such as Plaintiff, to file a statement of undisputed facts in connection with a motion for summary judgment or summary adjudication. Plaintiff's separate statement of undisputed facts is proper under Local Rule 56-260(a).**

**financial assistance" under Title IX.**

**Plaintiff shall submit a form of order consistent with, and within five (5) days following electronic service of, this memorandum decision.  Oral argument on this motion set for September 14, 2009, is VACATED.**

IT IS SO ORDERED.

**Dated:   September 3, 2009**              /s/ Oliver W. Wanger
                                   UNITED STATES DISTRICT JUDGE