JAMES C. SANCHEZ, City Attorney
CITY OF FRESNO
By: Gregory L. Myers, Senior Deputy Attorney (#95743)
By: Tina R. Griffin, Deputy City Attorney (#210328)
2600 Fresno Street
Fresno, California 93721-3602
Telephone: (559) 621-7500
Facsimile: (559) 488-1084

Attorneys for Defendant CITY OF FRESNO

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MAHER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF FRESNO, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No.: 08-CV-00050-OWW-SMS<br><br>**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**<br><br>Date: October 27, 2009<br>Time: 9:00 a.m.<br>Courtroom: #3 (7th Floor)<br>Judge: Honorable Oliver W. Wanger |

　　　　Pursuant to the Pretrial Order, Defendant CITY OF FRESNO hereby submits its attached proposed jury instructions.

DATED: October 26, 2009

JAMES C. SANCHEZ
City Attorney


By: _____/s/ Gregory L. Myers_____
　　　GREGORY L. MYERS
　　　Senior Deputy City Attorney
　　　Attorneys for Defendant
　　　CITY OF FRESNO

GLM:lc[51166lc/glm]

1

# <u>TABLE OF CONTENTS</u>

PROPOSED INSTRUCTION NO. 1.15 – Questions To Witnesses By Jurors.............    3

PROPOSED INSTRUCTION NO. 2.14 – Evidence in Electronic Format.................    5

PROPOSED INSTRUCTION NO. 5.3 – Damages-Mitigation...............................    7

PROPOSED INSTRUCTION NO. 10.1A – Civil Rights-Title VII-Disparate Treatment-
        Where Evidence Supports "Sole Reason" or
        "Motivating Factor"...............................................    8

PROPOSED INSTRUCTION NO. 10.1B – Civil Rights-Title VII-Disparate Treatment-
        "Sole Reason"-Elements and Burden of Proof......    9

PROPOSED INSTRUCTION NO. 10.1C – Civil Rights-Title VII-Disparate Treatment-
        "Motivating Factor"-Elements and Burden of Proof    10

PROPOSED INSTRUCTION NO. 10.2A – Civil Rights-Title VII-Hostile Work
        Environment-Harassment Because of Protected
        Characteristics-Elements...............................    11

PROPOSED INSTRUCTION NO. 10.2B – Civil Rights-Title VII-Hostile Work
        Environment Caused by Supervisor-Claim Based
        Upon Vicarious Liability-Tangible Employment
        Action.....................................................    12

PROPOSED INSTRUCTION NO. 10.2C – Civil Rights-Title VII-Hostile Environment
        Caused by Non-Immediate Supervisor or by Co-
        Worker-Claim Based on Negligence...................    13

PROPOSED INSTRUCTION NO. 10.4B – Civil Rights-Title VII-"Tangible
        Employment" Action.....................................    14

PROPOSED SPECIAL INSTRUCTION NO. 1 – Constructive Discharge...................    16

PROPOSED SPECIAL INSTRUCTION NO. 2 - "Same Actor" Inference...................    17

PROPOSED SPECIAL INSTRUCTION NO. 3 - Subjective Criteria in Relation to
        Proof of Pretext...........................................    18

PROPOSED SPECIAL INSTRUCTION NO. 4 - Proof Required for Showing of Pretext..    19

PROPOSED SPECIAL INSTRUCTION NO. 5 – Civil Rights-Title IX-Student Only-
        Hostile Work Environment-Elements...................    20

PROPOSED SPECIAL INSTRUCTION NO. 6 – Civil Rights-Title IX-Student Only-
        Disparate Treatment-Elements..........................    21

**PROPOSED INSTRUCTION NO. 1.15**

**QUESTIONS TO WITNESSES BY JURORS**

**INSTRUCTION**

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

**PROCEDURES**

In the event the court allows jurors to submit questions for witnesses the committee recommends that judges use the following procedures:

1.     At the conclusion of each witness's testimony, the court asks if jurors have written questions, which are brought to the judge;

2.     Outside the presence of the jury, counsel are given the opportunity to make objections to the question or to suggest modifications to the question, by passing the written

3

question between counsel and the court during a side-bar conference or by excusing jurors to the jury room;

      3.     The judge asks the question of the witness;

      4.     Counsel are permitted to ask appropriate follow-up questions; and

      5.     The written questions are made part of the record.

Each court is encouraged to develop a form for juror use. The form makes it easier for the court to retain the question for inclusion in the court record.

The form should include the case name and number. Most of the form's page should be set aside for the juror to use in writing the proposed question. A section should also be reserved for the court to use in noting the date and time when the question was proposed and noting whether the judge allowed the question to be asked, either as proposed or as revised. The form may also be used to provide jurors with additional information, or even just a reminder, about the procedures discussed in this instruction.

GIVEN:                 _____

GIVEN AS MODIFIED:     _____

WITHDRAWN:         _____

REFUSED:            _____

 

_____

UNITED STATES DISTRICT COURT JUDGE

MAHER v. COF, et al.
Case No.: 08-CV-00050-OWW-SMS
Defendant's Proposed Jury Instructions

# PROPOSED INSTRUCTION NO. 2.14
## EVIDENCE IN ELECTRONIC FORMAT

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room [with [the clerk] [the bailiff] [me] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.] When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform me immediately

MAHER v. COF, et al.
Case No.: 08-CV-00050-OWW-SMS
Defendant's Proposed Jury Instructions

and refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

GIVEN:                          _____

GIVEN AS MODIFIED:      _____

WITHDRAWN:                _____

REFUSED:                     _____

_____
UNITED STATES DISTRICT COURT JUDGE

MAHER v. COF, et al.
Case No.: 08-CV-00050-OWW-SMS
Defendant's Proposed Jury Instructions

# PROPOSED INSTRUCTION NO. 5.3

## DAMAGES – MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

he defendant has the burden of proving by a preponderance of the evidence:

    1.    that the plaintiff failed to use reasonable efforts to mitigate damages; and

    2.    the amount by which damages would have been mitigated.

GIVEN:                 _____

GIVEN AS MODIFIED:    _____

WITHDRAWN:          _____

REFUSED:             _____

_____

UNITED STATES DISTRICT COURT JUDGE

1

**PROPOSED INSTRUCTION NO. 10.1A**

2

**CIVIL RIGHTS – TITLE VII – DISPARATE TREATMENT – WHERE EVIDENCE**

3

**SUPPORTS "SOLE REASON" OR "MOTIVATING FACTOR"**

4

5      The plaintiff has brought a claim of employment discrimination against the defendant.

6  The plaintiff claims that her *sex and/or parental status* was either the sole reason or a motivating

7  factor for the defendant's decision to *accept her resignation.*   The defendant denies that the

8  plaintiff's *sex or parental status* was either the sole reason or a motivating factor for the

9  defendant's decision to *accept the resignation of the plaintiff* and further claims the decision to

10  accept the resignation of the plaintiff was based upon lawful reasons.

11

12  GIVEN:                          _____

13  GIVEN AS MODIFIED:              _____

14  WITHDRAWN:                      _____

15  REFUSED:                        _____

16

17                                          _____

                                           UNITED STATES DISTRICT COURT JUDGE
18

19

20

21

22

23

24

25

26

27

28

MAHER v. COF, et al.
Case No.: 08-CV-00050-OWW-SMS
Defendant's Proposed Jury Instructions

# PROPOSED INSTRUCTION NO. 10.1B

## CIVIL RIGHTS—TITLE VII—DISPARATE TREATMENT—"SOLE REASON"— ELEMENTS AND BURDEN OF PROOF

As to the plaintiff's claim that her *sex and/or parental status* was the sole reason for the defendant's decision to *accept her resignation*, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.    the plaintiff was *allowed to resign* by the defendant; and

2.    the plaintiff *resigned* solely because of the plaintiff's *sex and/or parental status*.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

GIVEN:                    _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:                _____

REFUSED:                  _____


_____

UNITED STATES DISTRICT COURT JUDGE

MAHER v. COF, et al.
Case No.: 08-CV-00050-OWW-SMS
Defendant's Proposed Jury Instructions

## PROPOSED INSTRUCTION NO. 10.1C

## CIVIL RIGHTS—TITLE VII—DISPARATE TREATMENT—"MOTIVATING FACTOR"—ELEMENTS AND BURDEN OF PROOF

As to the plaintiff's claim that her *sex and/or parental status* was a motivating factor for the defendant's decision to *accept her resignation*, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. the plaintiff was *allowed to resign* by the defendant; and

2. the plaintiff's *sex and/or parental status* was a motivating factor in the defendant's decision to *accept the resignation* of the plaintiff.

If you find that the plaintiff has failed to prove either of these elements, your verdict should be for the defendant. If the plaintiff has proved both of these elements, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason. If, however, the defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if the plaintiff's *sex and/or parental status* had played no role in the employment decision, your verdict should be for the defendant.

GIVEN:      _____

GIVEN AS MODIFIED:  _____

WITHDRAWN:    _____

REFUSED:     _____


         _____

         UNITED STATES DISTRICT COURT JUDGE

MAHER v. COF, et al.
Case No.: 08-CV-00050-OWW-SMS
Defendant's Proposed Jury Instructions

# PROPOSED INSTRUCTION NO. 10.2A

## CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT—HARASSMENT BECAUSE OF PROTECTED CHARACTERISTICS—ELEMENTS

The plaintiff seeks damages against the defendant for a *sexually* hostile work environment while employed by the defendant. In order to establish a *sexually* hostile work environment, the plaintiff must prove each of the following elements by a preponderance of the evidence:

    1.    the plaintiff was subjected to *sexual advances, requests for sexual conduct, or other verbal or physical conduct of a sexual nature*;

    2.    the conduct was unwelcome;

    3.    the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a *sexually* abusive or hostile work environment;

    4.    the plaintiff perceived the working environment to be abusive or hostile; and

    5.    a reasonable woman in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a *sexually* hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.


GIVEN:               _____

GIVEN AS MODIFIED:     _____

WITHDRAWN:          _____

REFUSED:             _____


_____

UNITED STATES DISTRICT COURT JUDGE

MAHER v. COF, et al.
Case No.: 08-CV-00050-OWW-SMS
Defendant's Proposed Jury Instructions

**PROPOSED INSTRUCTION NO. 10.2B**

**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY**

**SUPERVISOR—CLAIM BASED UPON VICARIOUS LIABILITY—TANGIBLE**

**EMPLOYMENT ACTION—AFFIRMATIVE DEFENSE**

An employer may be liable when a supervisor with immediate or successively higher authority over the employee creates a *sexually* hostile work environment for that employee. The plaintiff claims that she was subjected to a *sexually* hostile work environment by *Specialist Pedro Flores*, and that *Specialist Pedro Flores* was a person with successively higher authority over plaintiff.

The defendant denies the plaintiff's claim. The plaintiff must prove *her* claim by a preponderance of the evidence.

GIVEN:             _____

GIVEN AS MODIFIED:    _____

WITHDRAWN:        _____

REFUSED:           _____

_____
UNITED STATES DISTRICT COURT JUDGE

12

# PROPOSED INSTRUCTION NO. 10.2C

## CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY NON-IMMEDIATE SUPERVISOR OR BY CO-WORKER—CLAIM BASED ON NEGLIGENCE

The plaintiff seeks damages from the defendant for a hostile work environment caused by *sexual* harassment. The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.    the plaintiff was subjected to a *sexually* hostile work environment by a *non-immediate supervisor or co-worker*; and

2.    the defendant or a member of the defendant's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

A person is a member of management if the person has substantial authority and discretion to make decisions concerning the terms of the harasser's employment or the plaintiff's employment, such as authority to counsel, investigate, suspend, or fire the accused harasser, or to change the conditions of the plaintiff's employment. A person who lacks such authority is nevertheless part of management if he or she has an official or strong duty in fact to communicate to management complaints about work conditions. You should consider all the circumstances in this case in determining whether a person has such a duty.

The defendant's remedial action must be reasonable and adequate. Whether the defendant's remedial action is reasonable and adequate depends upon the remedy's effectiveness in stopping the individual harasser from continuing to engage in such conduct and in discouraging other potential harassers from engaging in similar unlawful conduct. An effective remedy should be proportionate to the seriousness of the offense.

/ / /

/ / /

/ / /

MAHER v. COF, et al.
Case No.: 08-CV-00050-OWW-SMS
Defendant's Proposed Jury Instructions

1    If you find that the plaintiff has proved both of the elements on which the plaintiff has the

2 burden of proof, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has

3 failed to prove either of these elements, your verdict should be for the defendant.

4

5 GIVEN:                          _____

6 GIVEN AS MODIFIED:             _____

7 WITHDRAWN:                     _____

8 REFUSED:                       _____

9

10                                    _____

                                   UNITED STATES DISTRICT COURT JUDGE

14

**PROPOSED INSTRUCTION NO. 10.4B**

**CIVIL RIGHTS—TITLE VII—"TANGIBLE EMPLOYMENT" ACTION DEFINED**

Tangible employment actions are the means by which a supervisor brings the official power of the enterprise to bear on subordinates. A tangible employment action requires an official act of the enterprise, a company act. A tangible employment action consists of a significant change in employment status such as *firing, failing to promote, reassignment, undesirable reassignment, or a significant change in benefits. Formal paperwork of the enterprise is usually drawn up to make effective the company act)*

AUTHORITY: *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 762 (1998)

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

_____
UNITED STATES DISTRICT COURT JUDGE

MAHER v. COF, et al.
Case No.: 08-CV-00050-OWW-SMS
Defendant's Proposed Jury Instructions

# DEFENDANT'S PROPOSED SPECIAL INSTRUCTION NO. 1
## CONSTRUCTIVE DISCHARGE

Michelle Maher claims that the City of Fresno forced her to resign for reasons that violate public policy. To establish this claim, Michelle Maher must prove all of the following:

1. That Michelle Maher was employed by the City of Fresno;

2. That Michelle Maher was subjected to working conditions that violated public policy, in that she experienced severe or pervasive sexually harassing conduct that altered the conditions of her employment;

3. That the City of Fresno intentionally created or knowingly permitted these working conditions;

4. That these working conditions were so intolerable that a reasonable person in Michelle Maher's position would have had no reasonable alternative except to resign;

5. That Michelle Maher resigned because of these working conditions;

6. That Michelle Maher was harmed; and

7. That the working conditions were a substantial factor in causing Michelle Maher's harm.

To be intolerable, the adverse working conditions must be unusually or repeatedly offensive to a reasonable person in Michelle Maher's position.

AUTHORITY:      California Civil Jury Instruction 2432, June 2009

GIVEN:            _____

GIVEN AS MODIFIED:     _____

WITHDRAWN:        _____

REFUSED:          _____

_____
UNITED STATES DISTRICT COURT JUDGE

# DEFENDANT'S PROPOSED SPECIAL INSTRUCTION NO. 2
## "SAME ACTOR" INFERENCE

If you find that the same individual responsible for hiring Michelle Maher was the same individual responsible for making the decision to give her the option to resign from the Academy, you may make a strong inference that the Defendant, City of Fresno, did not have a motive to discriminate against Michelle Maher on the basis of her gender and/or parental status.

In order to overcome that strong inference of no motive to discriminate against Michelle Maher, she must present stronger evidence of bias to prevail.

Authority:

*Coghlan v. American Seafoods Co* (9th Cir. 2005) 413 F.3d 1090, 1097 and FN 10.

*Bradley v. Harcourt, Brace & Co.* (9th Cir. 1996) 104 F.3d 267

*Horn v. Cushman & Wakefiled Western, Inc.* (1999) 72 Cal.App 4th 798, 809-810

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

_____
UNITED STATES DISTRICT COURT JUDGE

MAHER v. COF, et al.
Case No.: 08-CV-00050-OWW-SMS
Defendant's Proposed Jury Instructions

# PROPOSED SPECIAL INSTRUCTION NO. 3

## SUBJECTIVE CRITERIA IN RELATION TO PROOF OF PRETEXT

The fact that an employer's assessment of an employee is based on subjective criteria does not, by itself, prove pretext. Subjective criteria may be critical in the decision-making process in a service-oriented position.

AUTHORITY:

*Sengupta v. Morrison-Knudsen Co.* (9th Cir. 1986) 804 F.2d 1072, 1075

*Denney v. City of Albany* (11th Cir. 2001) 247 F3d 1172, 1186

*Hicks v. KNTV Television, Inc.* (2008) 160 Cal.App.4th 994, 1005


GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____


_____
UNITED STATES DISTRICT COURT JUDGE

# DEFENDANT'S PROPOSED SPECIAL INSTRUCTION NO. 4
## PROOF REQUIRED FOR SHOWING OF PRETEXT

In order to prove that the City of Fresno's asserted legitimate nondiscriminatory reasons for the decision to allow Michelle Maher were pretextual, she must prove both that:

1.     The City of Fresno's asserted legitimate nondiscriminatory reasons for allowing her to resign were false, <u>and</u>

2.     Sex and/or parental status discrimination was the real reason for the decision.

AUTHORITY:

*St. Mary's Honor Center v. Hicks* (1993) 509 U.S. 502, 515

*Hicks v. KNTV Television, Inc.* (2008) 160 Cal.App.4th 994, 1003

GIVEN:                                    _____

GIVEN AS MODIFIED:          _____

WITHDRAWN:                      _____

REFUSED:                             _____

_____
UNITED STATES DISTRICT COURT JUDGE

MAHER v. COF, et al.
Case No.: 08-CV-00050-OWW-SMS
Defendant's Proposed Jury Instructions

**DEFENDANT'S PROPOSED INSTRUCTION NO. 5 – CIVIL RIGHTS - TITLE IX-STUDENT ONLY - HOSTILE WORK ENVIRONMENT - ELEMENTS**

Under Title IX, the City of Fresno may be liable for the sexual harassment of a student if the plaintiff demonstrates by a preponderance of the evidence each of the following elements:

1.     Plaintiff, Michelle Maher, was subjected to sexual harassment by the intentional conduct of an employee of the Fresno Fire Department;

2.     Michelle Maher provided actual notice of the situation to a City of Fresno official with authority to institute corrective measures and to end discrimination and/or harassment on behalf of the City of Fresno; and

3.     The City of Fresno's response to the sexual harassment amounted to deliberate indifference.

The "deliberate indifference" standard is met when the City of Fresno official with authority to institute corrective measures and to end discrimination and/or harassment  and who has actual notice of the sexual harassment refuses to take action to remedy the sexual harassment.

The "actual notice" requirement is met when the City of Fresno official has personal knowledge of the underlying facts of the sexual harassment.

The "sexual harassment" standard is met if all the requirements under [Defendant's Proposed Instruction No. 10.2C] are proved by Michelle Maher.

AUTHORITY:

*Garcia v. Clovis Unified School District* (E.D Cal. 2009) 627 F.Supp.2d 1187, 1196-1197.

*Gebser v. Lago Vista Independent School District* (1998) 524 U.S. 274, 282.

GIVEN:                           _____

GIVEN AS MODIFIED:    _____

WITHDRAWN:              _____

REFUSED:                     _____

_____
UNITED STATES DISTRICT COURT JUDGE

20

**DEFENDANT'S PROPOSED INSTRUCTION NO. 6 – CIVIL RIGHTS - TITLE IX-STUDENT ONLY – DISPARATE TREATMENT - ELEMENTS**

Under Title IX, the City of Fresno may be liable for sex and/or parental status discrimination of a student if the plaintiff demonstrates by a preponderance of the evidence each of the following elements:

1.     Plaintiff, Michelle Maher's sex and/or parental status discrimination by the intentional conduct of an employee of the Fresno Fire Department;

2.     Michelle Maher provided actual notice of the situation to a City of Fresno official with authority to institute corrective measures and to end discrimination and/or harassment on behalf of the City of Fresno; and

3.     The City of Fresno's response to the sex and/or parental status discrimination amounted to deliberate indifference.

The "deliberate indifference" standard is met when the City of Fresno official with authority to institute corrective measures and to end discrimination and who has actual notice of the discrimination refuses to take action to remedy the discrimination.

The "actual notice" requirement is met when the City of Fresno official has personal knowledge of the underlying facts of the sex and/or parental status discrimination.

The "sex and/or parental status discrimination" standard is met if all the requirements under [Defendant's Proposed Instruction No. 10.1C] are proved by Michelle Maher.

AUTHORITY:

*Garcia v. Clovis Unified School District* (E.D Cal. 2009) 627 F.Supp.2d 1187, 1196-1197.

*Gebser v. Lago Vista Independent School District* (1998) 524 U.S. 274, 282.

GIVEN:                         _____

GIVEN AS MODIFIED:     _____

WITHDRAWN:               _____

REFUSED:                     _____

_____
UNITED STATES DISTRICT COURT JUDGE

21