1  **CITY OF FRESNO**
   Tina Griffin, Deputy City Attorney (#210328)
2  2600 Fresno Street
   Fresno, CA. 93721-3602
3  Telephone: (559) 621-7500
   Facsimile: (559) 488-1084
4
   **BETTS & RUBIN, A Professional Corporation**
5  Attorneys at Law
   907 Santa Fe Avenue, Ste. 201
6  Fresno, California 93721
   Telephone: (559) 438-8500
7  Facsimile:  (559) 438-6959

8  James B. Betts (State Bar #110222)
   Joseph D. Rubin (State Bar #149920)
9
   Attorneys for Defendant CITY OF FRESNO,
10

11
                   UNITED STATES DISTRICT COURT
12
                   EASTERN DISTRICT OF CALIFORNIA
13

14 | MICHELLE MAHER,              )  Case No. 1:08-CV-00050- OWW
                                  )
15 |         Plaintiff,            )  DEFENDANT CITY OF FRESNO'S
                                  )  POINTS AND AUTHORITIES IN
16 |     v.                        )  SUPPORT OF MOTION FOR NEW
                                  )  TRIAL
17 | CITY OF FRESNO,               )
                                  )
18 |                               )  Date:     March 8, 2010
   |         Defendant.            )  Time:     10:00 a.m.
19 |_____)  Courtroom: 3

20

21

22

23

24

25

26

27

28

I.  PRELIMINARY STATEMENT

In this action, Plaintiff asserted claims for employment discrimination and hostile work environment, contending that she was improperly treated based upon her gender and parental status.  This matter proceeded to trial on October 27, 2009. On November 13, 2009, the jury found the City liable for gender discrimination and hostile work environment under FEHA, and found in favor of the City on Plaintiff's cause of action for violation of Title IX.  Damages were awarded to Plaintiff in the amount of $2,468,141.  Judgment was entered on November 17, 2009.

By way of this Rule 59 motion, the City of Fresno requests the Court grant a new trial based upon the fact that the evidence did not support the jury's decision, there were errors in law, including the jury instructions, and the damages awarded were excessive.[1]

II.  ARGUMENT

    A.  Standards Of Motion For New Trial

The party moving for judgment as a matter of law under FRCP 50(b) may join an alternative motion for a new trial under FRCP 59.  Where both motions are before the court following a jury verdict, the court may either "(a) allow the judgment to stand; (b) order a new trial, or (c) direct entry of judgment as a matter of law."  FRCP 50(b)(1).  If the court grants the renewed motion for judgment as a matter of law, then it "shall also rule on the motion for a new trial…and shall specify the grounds for granting or denying the motion for the new trial."  FRCP 50(c)(1).

The grant or denial of a motion for new trial is left to the discretion of the trial court.  <u>Murphy v. City of Long Beach</u>, 914 F.2d 183, 186 (9th Cir. 1990).

---

[1] The parties and the Court are aware of the facts and procedural history of this case, which will not be recounted here.

- 2 -

1  Rule 59 provides for a new trial "for any of the reasons for which new trials have
2  heretofore been granted in actions at law in the courts of the United States." In
3  ruling on a motion for new trial, a court is bound by historically recognized
4  grounds. Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007). The
5  Ninth Circuit has recognized grounds for granting a new trial where "the verdict is
6  contrary to the clear weight of the evidence, is based upon false or prejurious
7  evidence, or to prevent a miscarriage of justice." Id.

> The Supreme Court has expressed the grounds for new trial as follows:
>
> The verdict is against the weight of the evidence, that damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury.

Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940).

### B.  Evidentiary Record Supports Granting Of New Trial On FEHA Claims

In contrast to a renewed motion for judgment as a matter of law pursuant to Rule 50, a Rule 59 motion for new trial is subject to less stringent standards. The court has a duty to grant a new trial if the verdict is against the clear weight of the evidence such that the court "is left with the definite and firm conviction that a mistake has been committed by the jury." Landes Const. Co., Inc. v. Royal Bank of Canada, 833 F.2d 1365, 1371-72 (9th Cir. 1987). The court need not presume that the verdict is correct nor view the evidence in the light most favorable to the prevailing party. Id. Instead, the court must weigh the evidence and assess for itself the credibility of the witnesses. Murphy v. City of Long Beach, 914 F.2d 183, 187 (9th Cir. 1990).

Even where there is evidence supporting the jury verdict, a new trial may still be granted if the Court is convinced that the jury has reached a seriously erroneous result, or that the verdict is a miscarriage of justice. See Nimely v. City

of New York, 414 F.3d 381, 392 (2d Cir. 2005).

For the reasons set forth in the City's concurrently filed Motion for Renewed Judgment as a Matter of Law, which is incorporated herein by this reference, the Court should grant a new trial on Plaintiff's FEHA claims for discrimination and hostile work environment as the clear weight of the evidence was in favor of the City on these claims.  To avoid unnecessary duplication, matters discussed in the City's companion motion shall not be repeated here. However, Plaintiff fell far short of producing sufficient evidence at trial to support her hostile work environment claim.  Similarly, the facts adduced at trial did not establish that Plaintiff was treated differently then similarly situated male recruits. Finally, as set forth below, errors of law occurred at trial which compel the granting of a new trial.

### C.     Instructional Error

"Jury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading." Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009).  Each party is therefore entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence.  A district court therefore commits error when it rejects proposed jury instructions that are properly supported by the law and the evidence.  Id. Erroneous and prejudicial jury instructions may be remedied through a Rule 59 motion for new trial.  See Tierney v. Black Bros. Co., 852 F.Supp. 994, 1003 (M.D. Fla. 1994) ["A trial court's grant of a new trial motion may be predicated on various grounds, including: erroneous jury instructions."]; see also Wankier v. Crown Equip. Corp., 353 F.3d 862, 867 (10th Cir. 2003) [Where an appellate court determines that the district court has given a legally erroneous jury instruction, the judgment must be reversed "if the jury might have based its verdict on the erroneously given instruction"].
//

### 1. The Court Failed to Instruct on the Mixed-Motive Defense

#### a. Factual Background

Under FEHA, the mixed-motive defense is applicable, whereby if the jury finds that the employer's action was motivated by discriminatory and non-discriminatory reasons, the employer is not liable if it can establish by a preponderance of the evidence that its legitimate reason, standing alone, would have induced it to make the same decision. Harris v. City of Santa Monica, 178 Cal.App.4th 1157, 1161-2 (2009); Grant-Burton v. Covenant Care, Inc., 99 Cal.App.4th 1361, 1379 (2002).

The City requested an instruction on this defense in its proposed jury instruction and special verdict:

> …If, however, the defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if the Plaintiff's sex and/or parental status had played no role in the employment decision, your verdict should be for the defendant.

(RJN, Ex. A, p. 10:14-17).

\* \* \*

> …Has the City of Fresno proved, by a preponderance of the evidence, that it would have made the same decision to accept Plaintiff's resignation even if her sex had played no role in the City of Fresno's decision to accept her resignation?
>
> Yes ___   No ___

(RJN, Ex. B, p. 2:17-20).[2]

During the hearing on jury instructions, the Court had some discussion regarding the defense, and the City's counsel again requested an instruction on

---

[2] At the motion in limine hearing, the Court indicated that it would give a mixed-motion instruction if the facts warranted it. (RJN, Ex. F, p. 91:1-2).

the issue:

>The Court: All right. I have it. Let me hear from the defendant.
>
>Mr. Myers: Your Honor, I just - - Your Honor, I'm going to let Ms. Griffin address this, but there are a couple of issues I wanted to bring up.
>
>The Court: All right.
>
>Mr. Myers: And one of them is I think first of all because the - - <u>the valid nondiscriminatory reasons is a complete defense, I think we've got to have an instruction that asks that core - - verdict form that asks that question,</u> because we need to know, I think the jury understood it, and we can take the appropriate action…

(RJN, Ex. C, p. 9:3-14 [emphasis added]; see also, p. 4:15-17, p. 5:19-25).

The Court ultimately rejected the City's position, and did not include the mixed-motive defense as part of the instructions or verdict form. (RJN, Exs. D & E).

### b. Failure to Instruct is Basis for New Trial

On facts similar to this case, the court in <u>Harris</u>, <u>supra</u>, 178 Cal.App.4th at 1164-1169, vacated a jury verdict for discrimination under FEHA and awarded a new trial for the trial court's failure to provide a mixed-motive defense instruction. In doing so, the <u>Harris</u> court held that it was insufficient to instruct the jury solely on Plaintiff's burden:

>The Court's instructions permitted Harris to prevail by showing her pregnancy led to her termination, even if other factors contributed to it. To the extent the Court's instructions permitted the jury to find against the City if Harris's pregnancy was a consideration in the City's decision making process, the instructions overlapped BAJI No. 12.26 proffered by the city. <u>But the overlap was incomplete, to the City's detriment, because the instructions as given did not provide the City with a complete defense if the jury found the City would have terminated Harris anyway for performance reasons even if she had not been pregnant. The Court's refusal to instruct the jury with BAJI No. 12.26 therefore prejudiced the City</u>.

<u>Id</u>. at 1164 [emphasis added]. See also <u>King v. Hardesty</u>, 2009 U.S. Dist. LEXIS

34933 (W.D. Missouri, 2009) [Court held jury instructions were appropriate when jury was instructed that Defendant would prevail if it found either that Plaintiff had failed to meet his burden on Title VII claim or that Defendant had met its burden of proving mixed-motive defense].

The proposed instruction by the City was well tailored to its mixed-motive defense, which was based on substantial evidence that Plaintiff's performance lawfully permitted the City to offer her resignation in lieu of termination. The Court's failure to instruct on this issue prejudiced the City; thus, a new trial should be granted.

### 2. Court's Pretext Instruction was Improper

After much discussion as to whether the instruction should be given and the phrasing of the instruction to make it consistent with the law, the Court gave a instruction on pretext, which stated in part:

> To defeat the Fresno Fire Department's claim of valid nondiscriminatory reasons for termination, Plaintiff may establish by a preponderance of the evidence that those reasons were not its true reasons, but were a pretext for intentional discrimination based on her gender and/or parental status.

(RJN, Ex. D, pg. 16:8-12; see also, RJN, Ex. C, pp. 10:15-22:17)

#### a. The Instruction Wrongfully Attempts to Invoke Burden Shifting Analysis to the Jury

CACI and BAJI jury instructions do not include any pattern instructions on pretext under FEHA. California and federal courts are consistent that the burden shifting analysis on FEHA claims that is utilized on summary judgment is not appropriate for purposes of instructing the jury. Caldwell v. Paramount Unified School District, 41 Cal.App.4th 189, 205 (1995) ["If… the case is submitted to the trier of fact, the intermediate burdens set forth in McDonnell Douglas will fall

away, and the fact finder will have only to decide the ultimate issue of whether the employer's discriminatory intent was a motivating factor in the adverse employment decision"]; <u>Costa v. Desert Palace, Inc.</u>, 299 F.3d 838, 855-56 affirmed at 539 U.S. 90 (2003) ["it is not normally appropriate to introduce the <u>McDonnell Douglas</u> burden-shifting framework to the jury.  At that stage, the framework 'unnecessarily evades the ultimate question of discrimination vel non.'"]

On this issue, the First Circuit stated as follows:

> McDonnell Douglas was not written as a prospective jury charge; to read its technical aspects to a jury,…will add little to the juror's understanding of the case and, even worse, may lead jurors to abandon their own judgment and to seize upon poorly understood legalisms to decide the ultimate question of discrimination.  Since the advantages of trial by jury lie in utilization of the jurors' common sense, we would have serious reservations about using McDonnell Douglas if doing so meant engulfing a lay jury in the legal niceties discussed in this opinion.

<u>Loeb v. Textron, Inc.</u>, 600 F.2d 1003, 1016 (1st Cir. 1979).

The issues raised by shifting burdens of proof are amenable to pretrial proceedings, not to the jury's evaluation of evidence at trial.  <u>Caldwell</u>, <u>supra</u>, 41 Cal.App.4th at 202.[3]  The instruction that was provided to the jury improperly attempts to mirror the last element of the burden shifting analysis on summary judgment that is utilized to determine issues of fact:

> Once an employer satisfies its initial burden of proving the legitimacy of its reason for termination, the discharged employee seeking to avert summary judgment must present specific and substantial responsive evidence that the employer's evidence was in fact insufficient or that there is a triable issue of fact material to the employer's motive. [citation omitted].  In other words, plaintiff must produce substantial responsive evidence to show that UPS's ostensible motive was pretextual; that is, that a discriminatory reason more likely motivated the employer or that the employer's explanation is unworthy of credence.

<u>King v. UPS, Inc.</u>, 152 Cal.App.4th 426, 433 (2007).

---

[3] This was recognized by the Court at the jury instruction conference (RJN, Ex. C, p. 12:4-18).

- 8 -

The instruction submitted confused the jury as to the critical issue to be decided - - namely whether the adverse action was substantially motivated by discrimination based on a protected characteristic. See Costa, supra, 299 F.3d at 856 ["Once at the trial stage, the plaintiff is required to put forward evidence of discrimination "because of" a protected characteristic"].

In rejecting the insertion of pretext language in its pattern jury instructions, the Committee for the 11th Circuit stated as follows:

> In Palmer v. Board of Regents of the University System of Georgia, 208 F.3d 969, 974-75 (11th Cir. 2000), a panel of the Court suggested that the Committee review this instruction to determine whether it might be clarified by adding a clause to the effect that the jury may infer discriminatory intent if the Defendant's proffered reason for an adverse employment action is proven false. In its history, however, the Committee has consistently strived to avoid the formulation of instructions on permissible inferences on the ground that such an inference - - and the question of whether one might or might not be drawn in a particular case - - is best left to the argument of counsel. Discussion of permissible inferences in the Court's jury instructions often resembles a comment on the evidence and is potentially more confusing than helpful to the jury...; After careful consideration, therefore, the Committee has elected not to include in this instruction any admonishment to the jury concerning the permissible inference that might be drawn from evidence that the Defendant's explanation is false. Whether such an inference is justified is a core factual issue, not a question of law, and is more properly a matter for argument of counsel.

(Comments to 11th Cir. Civil Pattern Jury Instructions, No. 1.2.1).

By its phrasing, the instruction provided to the jury in this case improperly tracked a burden shifting analysis. Such an instruction distracted the jurors from their principle obligations. See Fuller v. Phipps, 67 F.3d 1137, 1144 (4th Cir. 1995) ["Simple instructions are normally to be preferred in order not to inject needless complexity and potential confusion where simplicity is far more appropriate].

### b.  Instruction Misstates the Law

The law is clear that if the jury does not believe the reasons given by the

- 9 -

employer, the jury could infer, but need not infer, the prohibited characteristic was the real reason for the decision. Such evidence potentially allows for an inference. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 147 (2000).

However, "the factfinder's rejection of the employer's legitimate, nondiscriminatory reason for its decision, is insufficient as a matter of law to sustain a jury's finding of intentional discrimination. Id. Thus, Reeves did not change what a plaintiff must ultimately prove to prevail on his claim - - that the adverse employment action was motivated by actual discriminatory intent. Reeves, 530 U.S. at 147 ["In other words, 'it is not enough to disbelieve the employer; the factfinder must believe the plaintiff's explanation of intentional discrimination.'"].

The pretext inference described in Reeves is merely a permissive and not a mandatory inference. Rather than merely restating counsel's argument, jury instructions should be a neutral statement of the law. Even assuming the instruction at issue was neutral, a facially neutral permissive inference instruction can draw unwarranted attention to a small portion of the evidence presented at trial or may mislead the jury as to the applicable law.

Improper emphasis on pretext can be misleading, because it detracts from the ultimate issue of proof - - the discriminatory purpose. The First Circuit made this observation in Sabinson v. Trustees of Dartmouth College, 542 F.3d 1, 4 (1st Cir. 2008):

> But, whether or not personal or professional hostility played a role in the assessment, federal law does not protect generally against arbitrary or unfair treatment in private employment, but only against actions motivated by listed prejudices such as race, age and gender. [citations omitted]. Discrimination is a form of unfairness; but not all unfairness is discrimination.
>
> Even if we were to assume that Sabinson has produced evidence of pretext, the problem is that Sabinson's evidence did not tend to establish a discriminatory purpose, but rather tended to establish that

<u>a preexisting animus against her (unrelated to discrimination) was the reason for the adverse action. Thus, in a sense, the existence of personal or professional hostility toward Sabinson based on other reasons tends to work against her claim of discrimination.</u> Sabinson's case might well be stronger, if, after raising doubts about the purported reason for her treatment, the only plausible reason left appeared to be discrimination. In any event, the pretext inquiry is heavily fact-specific, <u>Zapata-Matos</u>, 277 F.3d at 45, and in this case Dartmouth's judgment on Sabinson, whether or not correct, shows no plausible taint of having been made on grounds of gender, religion, or age. [Emphasis added].

The fact that the reasons proffered by the employer are discredited by plaintiff does not automatically mandate a finding of discrimination. That is because the ultimate question is not whether the explanation was false, but whether discrimination was the cause of the conduct at issue. See <u>Reeves</u>, 530 U.S. at 147-48 [noting that, while a factfinder generally can consider employer's dishonesty about its true motivation as evidence of guilt, and might be able to draw an inference of discrimination from pretext, "an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision].

Moreover, pretext instructions, if given, include specific language that the jury was permitted, <u>but not required</u>, to infer discrimination if it disbelieved the employer's explanation. See <u>Conroy v. Abraham Chevrolet-Tampa, Inc.</u>, 375 F.3d 1228, 1231 (11th Cir. 2004); <u>Cabrera v. Jakabovitz</u>, 24 F.3d 372, 382 (2nd Cir. 1994); First Circuit Civil Pattern Jury Instructions, No. 1.1; Third Circuit Civil Pattern Jury Instructions, No. 5.1.2. Such verbiage was not provided here.

As the foregoing demonstrates, the Court's pretext instruction was improper and mandates a new trial.

D. <u>Legal Errors At Trial</u>

    1. <u>Court Improperly Denied Motion to Add Additional Affirmative Defense on the Avoidable Consequences Doctrine</u>

The avoidable consequences doctrine is recognized in California. <u>State</u>

1  Dep't of Health Services v. Superior Court, 31 Cal.4th 1026, 1042 (2003); CACI
2  Jury Instruction 2526.  On the issue, the California Supreme Court stated as
3  follows:

> We hold…that in a FEHA action against an employer for hostile environment sexual harassment by a supervisor, an employer may plead and prove a defense based on the avoidable consequences doctrine.  In this particular context, the defense has three elements: (1) the employer took reasonable steps to prevent and correct workplace sexual harassment; (2) the employee unreasonably failed to use the preventive and corrective measure that the employer provided; and (3) reasonable use of the employer's procedures would have prevented at least some of the harm that the employee suffered.

Id. at 1044.

In this matter, there was extensive written and deposition discovery on the City's harassment policies; the City's efforts to prevent harassment and its training; Plaintiff's efforts to report harassment and the City's response.

In the pretrial order, Plaintiff identified as one of her exhibits the "discrimination and harassment policy of the City and other related documents"; indicated a disputed fact existed as to Plaintiff's reporting of the harassment to her supervisors and their response; and sought the possible admission of all pretrial written discovery.  (Pretrial Order, pp. 5:28-6:2, 31:13-15, 140:14-23).  In the same order, the City disclosed its intention to assert an additional affirmative defense based on the avoidable consequences doctrine.  (Pretrial Order, p. 43:3-9).

In general, the federal rules favor allowing amendments.  Dussouy v. Gulf Cost Investment Co., 660 F.2d 594, 598 (5th Cir. 1981) ["The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading."]; Fed.R.Civ.P. Rule 15(a)(2) [the "court should freely give leave when justice so requires."].  Moreover, a party does not waive a defense, if

1 the party includes it in the pretrial order.  See <u>Hargett v. Valley Federal Savings</u>
2 <u>Bank</u>, 60 F.3d 754, 763 (11th Cir. 1995).
3       The City's proposed affirmative defense would not have been prejudicial to
4 Plaintiff, as the factual predicate was part of the discovery proceedings and it was
5 identified in the pretrial order.  As a result, the City should have been allowed to
6 assert the defense, present relevant evidence, and to obtain an appropriate jury
7 instruction.
8
9       E.    <u>Excessive Damages</u>
10       The jury's findings as to the appropriate amount of damages is to be
11 afforded "substantial deference."  <u>Passantino v. Johnson & Johnson Consumer</u>
12 <u>Products, Inc.</u>, 212 F.3d 493, 511 (9th Cir. 2000).  A jury's findings on the
13 amount of damages should be set aside only if the amount is clearly unsupported
14 by the evidence.  <u>Id</u>.
15       Where the jury properly determined liability, but the jury's award exceeds
16 the amount established by the evidence, the appropriate remedy is a remittitur
17 order reducing a jury's award to the outer limit of the proof, or alternatively, to
18 conduct a new trial exclusively as to damages.  <u>Fenner v. Dependable Trucking</u>
19 <u>Co., Inc.</u>, 716 F.2d 598, 603 (9th Cir. 1983).       The decision whether to grant a
20 new trial or remittiur on the grounds of excessive damages is a matter within the
21 sound discretion of the district court.  E.g., <u>Middlebrooks v. Hillcrest Foods, Inc.</u>,
22 256 F.3d 1241, 1249 (11th Cir. 2001).
23       In the instant case, the jury verdict included an award to Plaintiff of
24 economic damages totaling $1,968,141.00.  Such an award was unsupport by the
25 facts of the case and demonstrated that the jury's verdict was the product of
26 passion.  Specifically, evidence was adduced at trial which demonstrated that
27 Plaintiff possessed a Bachelor's Degree in Early Child Development and had earned
28 credits towards her Master's Degree in Criminology.  In addition, evidence was

presented at trial to establish that in 2006 <u>Plaintiff earned in excess of $33,300.00 by working a partial year for Warner's Jewelry and Behavioral Intervention.</u> [RJN, Ex. J, Ogus 927:8-17.] Despite a demonstrated earning capacity in excess of $33,000.00 per year, the jury awarded economic losses predicated upon a maximum annual earning capacity over the Plaintiff's active lifetime of only $21,000.00. Consequently, in rendering its award, it is patent that the jury disregarded the evidentiary record.

Moreover, as noted above, had the City been allowed to present its affirmative defense predicated upon avoidable consequences, received an appropriated mixed-motive instruction, or if judgment had been granted in Plaintiff's sexual harassment claim, it is reasonable to conclude that a different damage award would have been rendered. Under these facts, the City should, at a minimum, receive a new trial on the issue of damages.

### III. <u>CONCLUSION</u>

Based on the foregoing, the City of Fresno requests that the Court grant its motion for a new trial on Plaintiff's FEHA claims for hostile work environment and gender discrimination.

Dated: December 15, 2009                    BETTS & RUBIN

By /s/ James B. Betts
James B. Betts
Attorneys for Defendant
CITY OF FRESNO

PROOF OF SERVICE

I am a citizen of the United States of America, a resident of Fresno County, California, over the age of 18 years and not a party to the within-entitled cause or matter. My business address is 907 Santa Fe Avenue, Ste. 201, Fresno, CA. 93721. On December 15, 2009, I served **DEFENDANT CITY OF FRESNO'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR NEW TRIAL** on the parties in this action by placing an original/a true copy in an envelope and delivering it as follows:

\_\_\_\_**(By Overnight Courier)** I caused such envelope with postage fully prepaid, to be sent by _____.

_X\_\_ **(By Mail)** I placed the envelope for collection and processing for mailing following this business' ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

\_\_\_\_**(By Hand)** I caused each envelope to be delivered by hand.

Each envelope was addressed as follows:

| | |
|---|---|
| Debra A. Smith, Esq.<br>Noreen Farrell, Esq.<br>Angela Perone, Esq.<br>Equal Rights Advocates<br>1663 Mission Street, Suite 250<br>San Francisco, CA. 94103 | Dan Siegel, Esq.<br>Jessica Albert, Esq.<br>Siegel & Yee<br>499 14th Street, Suite 220<br>Oakland, CA. 94612 |

James C. Sanchez, Esq.
Tina Griffin, Esq.
CITY OF FRESNO
2600 Fresno Street
Fresno, CA. 93721-3602/

\_\_\_ **(By Telecopy)** I caused each document to be sent by telecopier to the aforementioned number(s).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 15, 2009, at Fresno, California.

                                        /s/ Ellen Carnese
                                        Ellen Carnese

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28